[Cite as *State v. Wallace*, 2017-Ohio-7385.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                              Court of Appeals Nos. WD-16-057

　　　　Appellee                                        Trial Court Nos. 2016CR0260

v.

Thomas G. Wallace                                **DECISION AND JUDGMENT**

　　　　Appellant                                     Decided:  August 30, 2017

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Mollie B. Hojnicki-Mathieson, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from an October 14, 2016 judgment of the Wood County

Court of Common Pleas, sentencing appellant to two, consecutive three-year terms of

incarceration, following appellant's guilty pleas to two, amended counts of sexual

battery, in violation of R.C. 2907.03, felonies of the third degree, for a total term of

incarceration of six years. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} Appellant, Thomas Wallace, sets forth the following assignment of error:

Appellant's Sentence is Contrary to Law.

{¶ 3} The following undisputed facts are relevant to this appeal. On June 2, 2016, appellant was indicted on three counts of rape, in violation of R.C. 2907.02, felonies of the first degree, and two counts of gross sexual imposition, in violation of R.C. 2907.05, felonies of the fourth degree.

{¶ 4} The victim in this matter was appellant's nephew, who was 14 years old when these events commenced. On multiple occasions during 2015-2016, while alone with his nephew, appellant showed the victim pornographic videos, performed oral sex upon the victim, and engaged in various types of masturbation activities with the victim.

{¶ 5} After initially denying that he had committed these offenses, repeatedly modifying his version of events, and attempting to attribute blame upon the victim, appellant conceded to committing these crimes. The record shows that throughout this matter, appellant has minimized the events and minimized his accountability.

{¶ 6} Ultimately, pursuant to a negotiated plea agreement, appellee amended two of the three pending rape offenses to the lesser offenses of sexual battery, in violation of R.C. 2907.03, felonies of the third degree. In exchange for guilty pleas on the two reduced charges, the remaining three felony offenses were dismissed. The matter was referred for a presentence investigation report.

2.

**{¶ 7}** On October 14, 2016, the case proceeded to sentencing. At sentencing, the trial court thoroughly delineated all of the requisite multiple factors to be taken into consideration in reaching the disputed sentence. The trial court noted that appellant had engaged in multiple instances of sexual conduct with his minor nephew over a span of time, noted the serious harm sustained by the victim due to the victim's age and the seriousness of the conduct, noted appellant's lack of remorse, lack of accountability, and high risk of recidivism.

**{¶ 8}** Of particular relevance, the trial court stated at sentencing:

> Due to the predatory nature of these offenses, the fact that you have gotten a huge break from the State of Ohio dismissing the rape charges in these cases, due to the lack of what the court feels to be genuine remorse in these offenses, and the need to protect the public from future crimes, due to your finding fault in the victim and failing to accept adult responsibility for your offenses, the court at this time finds that those sentences should be served consecutively. Consecutive sentences are necessary to protect the public from future crimes and to punish you for these serious crimes, and that consecutive sentences are not disproportionate to the seriousness of your conduct and to the danger that you post to the public. And at least two of these offenses were committed as part of one or more courses of conduct and the harm caused by them was so great or unusual that no single prison term would adequately reflect the seriousness of your conduct.

3.

{¶ 9} The trial court then sentenced appellant to two, consecutive three-year terms of incarceration, for a total term of incarceration of six years. This appeal ensued.

{¶ 10} In the sole assignment of error, appellant maintains that the consecutive sentencing portion of the subject felony sentence is contrary to law. We do not concur.

{¶ 11} In *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, this court set forth the appropriate appellate review to be conducted in felony sentence appeals. Pursuant to R.C. 2953.08(G)(2), appellate courts may increase, reduce, modify, or vacate and remand a disputed felony sentence if it clearly and convincingly finds that either the record does not support relevant statutory findings or the sentence is otherwise contrary to law. *Tammerine* at ¶ 11.

{¶ 12} As applied to the instant case, appellant specifically maintains that the felony sentence in this matter was unlawful based upon appellant's contention that the trial court's R.C. 2929.14(C)(4) determination that consecutive sentencing was necessary to protect the public was incorrect.

{¶ 13} This court delineated proper R.C. 2929.14(C)(4) consecutive sentence analysis in *State v. Banks*, 6th Dist. Lucas No. L-13-1095, 2014-Ohio-1000. A three-step analysis must be performed in order to determine whether a disputed consecutive sentence was proper. First, the sentencing court must find that the sentence is necessary to protect the public or punish the offender. Second, the sentencing court must find that the consecutive sentence is not disproportionate to the seriousness of the conduct or the danger posed to the public. Third, the sentencing court must find that either the offender

4.

committed one of the offenses while awaiting trial or sentencing, while under sanction, or while under post-release control for prior offense, or the offenses were committed as part of one or more courses of conduct and no single prison term for any of the offenses adequately reflects the seriousness of the conduct, or the offenders criminal history demonstrates that a consecutive sentence is necessary to protect the public. *Banks* at ¶ 11.

{¶ 14} We have carefully reviewed and considered the sentencing transcript in this matter in order to determine the propriety of the trial court's R.C. 2929.14(C)(4) consecutive sentencing determination. The sentencing transcript clearly reflects that the trial court noted the serious harm inflicted upon the victim given the victim's age and the relationship between the parties. The sentencing transcript further reflects that the trial court noted appellant's predatory conduct, lack of remorse, and minimization of his actions. Consistently, the trial court determined that a consecutive sentence was necessary to protect the public and was not disproportionate to the seriousness of the conduct.

{¶ 15} In conjunction with the above, the sentencing transcript further reflects that the trial court noted, given the multiple occasions over an extended period of time during which appellant committed these crimes, that the offenses were committed as part of a course of conduct and that the harm caused was so great that a single prison term would not adequately reflect the seriousness of the conduct.

5.

**{¶ 16}** The record of evidence clearly refutes appellant's position that the trial court's R.C. 2929.14 (C)(4) consecutive sentencing determination was improper. On the contrary, the record reflects that the requisite consecutive sentencing analysis was conducted and that the conclusion was fully supported by the record of evidence. Wherefore, we find appellant's assignment of error to be not well-taken.

**{¶ 17}** On consideration whereof, the judgment of the Wood County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the cost of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                                      _____
                                                                                  JUDGE
Thomas J. Osowik, J.

                                                                   _____
James D. Jensen, P.J.                              JUDGE
CONCUR.

                                                                   _____
                                                                                  JUDGE